UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

ERIC HARDESTY,   Case No. 1:22-cv-

    Plaintiff,

v

GIVE-EM A BRAKE SAFETY, LLC,
A Delaware Limited Liability Company

and

HALLACK CONTRACTING, INC
a Michigan Corporation

and

RIETH-RILEY CONSTRUCTION CO., INC
An Indiana Corporation

    Defendants.

Benjamin W. Mills (P66155)
Gruel Mills Nims & Pylman PLLC
Attorneys for Plaintiff
99 Monroe Avenue NW, Suite 800
Grand Rapids, MI 49503
(616) 235-5500

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    **NOW COMES** Plaintiff, Eric Hardesty, by and through his attorneys, Gruel Mills Nims & Pylman, PLLC, and for his complaint states as follows:

1. At all relevant times, Plaintiff Eric Hardesty was a resident of the City of Wooster, Wayne County, State of Ohio.

1

2. Defendant, Give-em a Brake Safety, LLC (hereinafter "Give-em a Brake") is a Limited Liability Company incorporated in Delaware and headquartered in Michigan, with its headquarters located at 2610 Sanford Ave SW, Grandville, State of Michigan. Give-em a Brake conducts a regular and systematic part of its business in the State of Michigan.

3. At all relevant times, Give-Em a Brake provided barricade/road sign installation on highway construction and repair projects throughout the region.

4. Defendant Hallack Contracting, Inc. (hereinafter "Hallack"), is a Michigan for-profit Corporation headquartered at 4223 W Polk Rd, Hart, Michigan 49420.

5. At all relevant times, Hallack provided highway paving services and highway repair services throughout the region.

6. Defendant Rieth-Riley Construction Co., Inc. (hereinafter "Rieth-Riley") is a for-profit company incorporated in the state of Indiana and headquartered at 3626 Elkhart Rd, Goshen, IN 49526.  Rieth-Riley conducts a regular and systematic part of its business in the State of Michigan.

7. At all relevant times, Rieth-Riley was a full service asphalt paving company handling all sizes of projects, ranging from small patch projects to major highway reconstruction.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over this matter pursuant to 28 USC 1332(A)(1), in that the matter in controversy exceeds $75,000 and is between the Plaintiff, who a citizen of the State of Ohio, and defendants, who are citizens of Michigan, Delaware, and Indiana.

9. This Court has personal jurisdiction over the defendants pursuant to MCL 600.711 and 600.715 because the defendants have conducted a continuous and systematic part of their general business within the State of Michigan, and have transacted business within the State of Michigan and/or have done, or caused to be done, consequences occurring in the State of Michigan resulting in this tort action.

10. Venue is proper in this judicial district pursuant to 28 USC 1391, in that it is a judicial district in which a substantial part of the events giving rise to the claim occurred and one or more defendant corporations reside in the Western District of Michigan.

### NATURE OF THE ACTION

11. The incident giving rise to this Complaint occurred in Oceana County, Michigan on July 8, 2019.

12. At all relevant times, Plaintiff, Eric Hardesty (hereinafter Hardesty), was a professional equine photographer specializing in photographing all aspects of horse shows throughout the country.

13. At all relevant times, Hardesty was a resident of Wooster, Ohio.

14. On or about July 8, 2019, Hardesty was traveling on southbound US 31 in Shelby Township, Oceana County, State of Michigan, operating his pickup truck, a 2011 GMC Sierra Denali HD bearing Ohio license plate number HPU9311, and further identified with Vehicle Identification Number 1GT426C84BF168630.

15. Hardesty was lawfully towing a "fifth wheel" travel trailer / equipment hauler, which had been used for lodging and equipment storage at the Harbor Classic horse show near Ludington during the previous week. At all relevant times, Hardesty was operating his vehicle and the trailer in a lawful and safe manner.

16. Upon information and belief, on or before July 8, 2019, defendant Give 'Em a Brake was contracted to assemble, deliver, install, disassemble, and remove highway closure barricades, exit closure signs, and all other legally necessary and appropriate signage related to a paving and repair project on US 31 in and around Shelby Township, Michigan (hereinafter "the Project").  A portion of the Project was to patch concrete on the southbound off-ramp from US 31 to Shelby Rd.

17. Upon information and belief, Give 'Em a Brake was contracted by Hallack and/or Rieth-Riley to perform the above-described duties related to the Project.

18. On or about July 8, 2019, Give 'Em a Brake placed a trailer-mounted boom lift attached to the back of a utility truck onto the shoulder of southbound US-31just north of the overpass to Buchanan Road.

19. The utility truck was a white 2019 Ford F550 bearing "Give 'Em a Brake Safety" logos and telephone numbers, and US DOT number 1704481.  The utility truck was further identified by Michigan Registration "BB83917" and VIN "1FDUF5GY2KDA01540."

20. Upon information and belief, the utility truck and attached trailer-mounted boom lift was placed on the right shoulder of southbound US-31 in order to install additional signage and/or a "ramp closed" notification on the sign for the "Shelby Rd / Shelby – 1 Mile" sign.

21. Give 'Em a Brake negligently failed to close the right lane of southbound US-31, and failed to put up the legally necessary and appropriate lane closure signs to warn oncoming traffic of the work they were doing.

22. Give 'Em a Brake negligently placed traffic barrels approximately six feet into a live lane of travel and also negligently placed the downriggers of the trailer-mounted boom lift approximately three feet into a live lane of travel.

23. Give 'Em a Brake also configured the boom of the trailer-mounted boom lift to swing into the right lane of southbound US-31, interfering with a live lane of travel.

24. Moreover, the trailer-mounted boom lift had the effect of blocking motorists' view of the flashing arrow board mounted on the utility truck.

25. Upon information and belief, Hallack and/or Rieth-Riley were responsible for supervising, directing, and instructing Give 'Em a Brake on all aspects of the Project. As such, they are vicariously liable for the negligence of defendant Give 'Em a Brake.

26. On or about July 8, 2019, Plaintiff Eric Hardesty was traveling southbound in the right lane of US 31, when he encountered suddenly slowing traffic in his lane.

27. Upon information and belief, motorists in the right lane of southbound US 31 had encountered an unexpected hazard created by the barrels and down riggers extending into a live lane of travel.

28. Hardesty quickly moved into the right shoulder to avoid striking the suddenly slowing traffic. Hardesty avoided the vehicles in his lane by passing them on the right shoulder, and then encountered the trailer-mounted boom lift and utility truck, which caused him to swerve back into the right southbound lane.

29. As he did this, his trailer contacted a down rigger attached to the trailer-mounted boom lift and extending into the live travel lane.

30. The negligent positioning of the trailer-mounted boom lift, including the downriggers and barrels placed into the live lane of travel caused Hardesty's trailer to flip on its side and

forced his truck into and through the concrete barrier wall of the overpass, falling to the roadway below.

31. As a result, Plaintiff Eric Hardesty suffered serious and permanent injury, including but not limited to a closed head injury, a fractured C2 vertebrae, and bruising and abrasions throughout his body.

32. As a result of Give-Em a Brake's, Hallack's, and Rieth-Riley's negligence, Plaintiff has sustained serious and permanent injuries and damages that include, but are not limited to, the following:

    a.    Closed head injuries causing cognitive deficits, anxiety, depression, sleep disturbance, fatigue, and other residual injuries;

    b.    Broken bones to the spine;

    c.    Past, present, and future pain and suffering;

    d.    Emotional distress;

    e.    Loss of enjoyment of life;

    f.    Past, present and future non-invasive and invasive medical care and treatment;

    g.    Past, present and future medical and pharmaceutical services and bills, including the need for one or more future surgeries;

    h.    Humiliation and embarrassment;

    i.    Past, present and future disability;

    j.    Past, present and future lost wages and lost earning capacity;

    k.    Other past, present and future economic damages;

    l.    Other injuries and damages that are identified during the pendency of this action.

## COUNT ONE: NEGLIGENCE OF GIVE-EM A BRAKE

33. Plaintiff hereby incorporates by reference Paragraphs 1- 32 as if fully rewritten herein.

34. At all relevant times, defendant Give 'Em a Brake owed the Plaintiff the following duties:

    a. To act as a reasonably prudent safety sign installation company under the same and/or similar circumstances;

    b. To timely assemble, install, disassemble, retrieve and/or remove legally necessary and appropriate road closure barricades and signs to maintain the safety of travelers southbound on US 31;

    c. To comply with all state and federal regulations for temporary traffic control signs, including but not limited to: MDOT Traffic Sign Design, Placement and Application Guidelines; USDOT Manual on Uniform Traffic Control Devices; and all promulgating sections of federal code, federal regulations, state codes, and state regulations;

    d. To hire employees which are competent and experienced in performing sign installation and removal services;

    e. To properly warn oncoming motorists of work being done on an upcoming section of highway, including providing advanced signage, lane closures, and other warnings to prevent sudden traffic stops and unexpected congestion;

    f. To keep all live lanes of traffic clear from obstructions;

    g. To properly train its employees in the safe installation, assembly, disassembly and removal of road / lane closure barricades and road closure/reopening signs;

    h. Other duties as identified during the pendency of this action.

35. Give-Em a Brake breached one or more of the above duties and was negligent in its conduct, which included but is not limited to the following acts and omissions:

    a.      By failing to properly install all legally necessary and appropriate warning signage to the travelers southbound on US 31 before placing the manlift on US 31;

    b.      By negligently establishing the trailer-mounted boom lift to impede upon a lane of travel on US 31;

    c.      By failing to timely take reasonable precautions to avoid creating an unreasonable dangerous condition with respect to the Project;

    d.      By failing to hire employees with experience and competence in carrying out their duties associated with the Project;

    e.      By failing to properly train its employees to act with reasonable care in carrying out their duties associated with the Project;

    f.      By otherwise failing to act with reasonable care.

## COUNT II: NEGLIGENCE OF HALLACK AND RIETH-RILEY

36. Plaintiff hereby incorporates Paragraphs 1-35 as if fully rewritten herein.

37. Hallack and Rieth-Riley owed the Plaintiff the following duties:

    a.      To act as a reasonably prudent road construction company under the same and/or similar circumstances;

    b.      To provide for the timely assembly, installation, disassembly, retrieval and/or removal of legally necessary and appropriate road closure barricades and signs to maintain the safety of travelers southbound on US 31;

    c.      To comply with all state and federal regulations for temporary traffic control signs, including but not limited to: MDOT Traffic Sign Design, Placement and Application Guidelines; USDOT Manual on Uniform Traffic Control Devices; and all promulgating sections of federal code, federal regulations, state codes, and state regulations;

    d.      To hire contractors who are competent and experienced in performing sign installation and removal services;

    e.      To properly warn oncoming motorists of work being done on an upcoming section of highway, including providing advanced signage, lane closures, and other warnings to prevent sudden traffic stops and unexpected congestion;

    f.      To keep all live lanes of traffic clear from obstructions;

    g.      To require its contractors, including Give 'Em a Brake, to properly train their employees in the safe installation, assembly, disassembly and removal of road / lane closure barricades and road closure/reopening signs;

    h.      Other duties as identified during the pendency of this action.

38. Hallack and Rieth-Riley breached their duties and were negligent in their conduct, which included but is not limited to the following acts and omissions:

    a.      By failing to properly supervise, direct and instruct others in installing all legally necessary and appropriate warning signage to the travelers southbound on US 31 before placing the manlift on US 31;

    b.      By negligently failing to supervise, direct, and instruct others in establishing the manlift to impede upon a lane of travel on US 31;

    c.      By negligently failing to supervise, direct, and instruct others to timely take reasonable precautions to avoid creating an unreasonable dangerous condition with respect to the Project.;

    d.      By negligently failing to supervise, direct, and instruct others to hire employees with experience and competence in carrying out their duties associated with the Project;

    e.      By negligently failing to supervise, direct, and instruct others to properly train its employees / contractors to act with reasonable care in carrying out their duties associated with the Project;

    f.      By otherwise failing to act with reasonable care.

39. One or more of Give-Em a Brake's, Hallack's, and Rieth-Riley's negligent acts and/or omissions was a legal and proximate cause of the incident and resulting the damages described above.

**WHEREFORE**, Plaintiff, Eric Hardesty, requests that this Honorable Court enter a judgment on his behalf against Defendants Give 'Em a Brake, Hallack, and Rieth-Riley in whatever amount

the Court deems fair and equitable in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest, costs and attorney's fees as provided by law.

                                  GRUEL MILLS NIMS & PYLMAN, PLLC

Dated:  July 6, 2022                    By:  /s/Benjamin W. Mills
                                           Benjamin W. Mills
                                           Attorney for Plaintiffs
                                           Gruel Mills Nims & Pylman, PLLC
                                           99 Monroe Avenue, NW
                                           Suite 800
                                           Grand Rapids, MI 49503
                                           (616) 235-5500

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

ERIC HARDESTY,                                                              Case No. 1:22-cv-

    Plaintiff,

v

GIVE-EM A BRAKE SAFETY, LLC,
A Delaware Limited Liability Company

and

HALLACK CONTRACTING, INC
a Michigan Corporation

and

RIETH-RILEY CONSTRUCTION CO., INC
An Indiana Corporation

    Defendants.

Benjamin W. Mills (P66155)
Gruel Mills Nims & Pylman PLLC
Attorneys for Plaintiff
99 Monroe Avenue NW, Suite 800
Grand Rapids, MI 49503
(616) 235-5500

## JURY DEMAND

    Plaintiffs hereby demands a trial by jury in this cause.

                                            GRUEL MILLS NIMS & PYLMAN, PLLC

Dated:  July 6, 2022                By: _/s/Benjamin W. Mills_____
                                                      Benjamin W. Mills
                                                      Attorney for Plaintiffs
                                                      Gruel Mills Nims & Pylman, PLLC
                                                      99 Monroe Avenue, NW
                                                      Suite 800
                                                      Grand Rapids, MI 49503
                                                      (616) 235-5500

1